*owner sufficient.* When the original contractor furnishes the owner a sworn statement showing the names of subcontractors and the amounts due them, it will be presumed sufficient notice to the owner of the amount owing the plaintiff, a subcontractor, if the statement has been omitted from the bill of exceptions.

3. APPEAL AND ERROR, § 1021*—*when objection to amount of judgment not presented for review.* The objection that the judgment exceeds the amount named in the summons cannot be raised if the abstract of the summons does not show the amount claimed, and the judgment is not in excess of the amount claimed in the statement of claim.

4. APPEAL AND ERROR, § 806*—*presumption when exhibits not included in bill of exceptions.* When the bill of exceptions does not include all the exhibits at the trial, the sufficiency of the missing documents to justify the finding of the trial court will be presumed.

---

## Benjamin Ohnkin, Defendant in Error, v. Solomon Smoler, Plaintiff in Error.

### Gen. No. 19,196.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed November 9, 1914.

### Statement of the Case.

Action of trover brought in the Municipal Court of Chicago by Benjamin Ohnkin against Solomon Smoler for damages for the conversion of personal property. The trial court found for plaintiff and entered judgment against defendant for $22. To reverse the judgment, defendant prosecutes a writ of error.

The facts as found by the trial court were substantially as follows: Plaintiff, a tailor, had two or three

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

times bought goods from the defendant, a jobber. Defendant claimed that on October 27th, the day in question, plaintiff was indebted to him for goods to the amount of $26.30. On this day plaintiff came into the store and bought some goods, amounting to $22, for which he paid defendant cash. These goods were done up in a bundle and delivered to plaintiff, and the $22 was handed to defendant. The bundle was left for a short time on the counter, while plaintiff looked at other goods, and thereupon the defendant took the bundle, and when plaintiff inquired where his bundle of goods was defendant replied: ''You owe me enough dollars, and you get out,'' at the same time shoving the plaintiff out of the store.

BARNETT & GLASKAY, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

TROVER AND CONVERSION, § 39*—*when finding as to ownership of goods warranted by the evidence.* In an action of trover for goods purchased of a jobber, where the plaintiff claimed that he had paid for the goods and the bundle was delivered to him, and that after he had left it on the counter the defendant took it, and the defendant claimed that the money was paid by plaintiff to apply on an old account, *held* that a finding that the goods belonged to plaintiff was warranted by the evidence.